**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRYANT MILLER,<br><br>Plaintiff,<br><br>v.<br><br>AIRTIGHT HOME IMRPOVEMENTS, INC., d/b/a CHAPMAN WINDOWS AND DOORS,<br><br>Defendant. | COMPLAINT<br><br>Case No.<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

# COMPLAINT

Plaintiff, BRYANT MILLER, by and through his attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, AIRTIGHT HOME IMPROVEMENTS, INC. d/b/a CHAPMAN WINDOWS AND DOORS, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges a failure to pay overtime wages, as well as retaliation for making a complaint about unpaid overtime wages, in violation of the laws and statutes of the United States of America, specifically, the Fair Labor Standards Act of 1938 ("FLSA"), 52 Stat. 1060, 29 U.S.C. § 201 *et seq*., as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.* and Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.*

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

3. Jurisdiction over this Complaint exists pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. The PWPCL and the PMWA each provide for a private right of action to enforce their provisions, and this Honorable Court has jurisdiction over these pendent state law claims pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants do business in this district and operate business facilities in this district, and because substantial unlawful conduct giving rise to the claims herein occurred in this district.

## THE PARTIES

6. Bryant Miller ("Plaintiff") is a male adult individual who resides in Coatesville, Chester County, Pennsylvania.

7. At all times material hereto, Plaintiff worked as an Installer in the Service Department and was a covered, non-exempt employee of Defendant, Airtight Home Improvements, Inc., d/b/a Chapman Windows and Doors, within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203(e) and (g).

8. At all times material hereto, Plaintiff was an employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

9. At all times material hereto, Plaintiff was an employee as defined by the PMWA, 43 P.S. § 333.103(h).

10. Defendant, Airtight Home Improvements, Inc., d/b/a Chapman Windows and Doors ("Defendant"), is a Pennsylvania corporation with its registered office located at 974 Francis Circle, West Chester, Chester County, Pennsylvania 19382.

11. At all times material hereto, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.2a, and Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.103(g).

12. At all times material hereto, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

13. At all times material hereto, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

## STATEMENT OF FACTS

14. Plaintiff was employed as an Installer in the Service Department by Defendant from approximately November 2024 until his termination on or about December 5, 2025.

15. Throughout his tenure of employment, Plaintiff was a hardworking, dedicated employee.

16. During the week of November 10, 2025, Plaintiff attended an out-of-state training program with three co-workers.

17. Plaintiff served as the designated driver for the trip and was responsible for both picking up and returning the rental car used for travel.

18. Over the course of the week, Plaintiff worked in excess of forty (40) hours between attending training and travel.

19. When Plaintiff learned, however, that Defendant intended to pay him for only forty (40) hours, he submitted a complaint to Defendant's Human Resources ("HR") on or about November 19, 2025.

20. Then, on or about November 25, 2025, HR responded to Plaintiff's complaint by informing him that it would not pay him for all of the hours and overtime that he worked the week of November 10, 2025.

21. Soon thereafter, on or about December 5, 2025, Defendant notified Plaintiff that he was being terminated on the basis that he was "not learning quickly enough," a transparently pretextual accusation.

22. Accordingly, Defendant's deliberate failure to pay Plaintiff overtime compensation violated the FLSA, PWPCL, and the PMWA, and, furthermore, Plaintiff's termination in retaliation for complaining about Defendant's failure to properly compensate him for his overtime work was a violation of the FLSA's anti-retaliation provision.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
***Failure To Pay Overtime***

23. All prior paragraphs are incorporated herein as if set forth fully below.

24. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

25. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

26. The FLSA requires employers to compensate employees at a rate not less than one and one-half (1 ½) times the regular rate for any work in excess of forty (40) hours per week. 29 U.S.C. § 207.

27. Defendant is subject to the overtime pay requirements of the FLSA.

28. Defendant violated the FLSA by willfully failing to pay for overtime.

29. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

30. Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of the Complaint because Defendant acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

31. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

32. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff. Accordingly, Defendant is liable under 29 U.S.C. § 216(b) for Plaintiff's withheld overtime pay, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff, Bryant Miller, demands judgment against Defendant, Airtight Home Improvements, Inc., d/b/a Chapman Windows and Doors, for compensatory damages, liquidated damages, pre-judgment and post-judgment interest as provided by law, attorney fees and expenses and costs as provided by law, and such other relief as the Court deems fair and equitable.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
***Retaliation***

33. All prior paragraphs are incorporated herein as if set forth fully below.

34. The FLSA contains, among other things, an antiretaliation provision that prohibits employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

35. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

36. As set forth above, Defendant violated the FLSA's antiretaliation provision by terminating his employment in response to Plaintiff's complaint to HR about not being properly compensated for working overtime.

37. As a result of the aforesaid willful violations of the FLSA antiretaliation provision, Plaintiff was wrongfully terminated under the FLSA. Additionally, Plaintiff was subjected to emotional distress, humiliation, ridicule, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

38. Accordingly, Defendant is liable under 29 U.S.C. § 216(b) for compensatory damages Plaintiff suffered because of Defendant's actions.

39. Defendant has not acted in good faith or with reasonable grounds to believe that its actions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an additional equal amount permitted by 29 U.S.C. § 216(b).

40. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of this action.

41. Defendant's violation of the FLSA was intentional and undertaken with reckless indifference to Plaintiff's right to not be retaliated against for filing a complaint under the FLSA.

42. Accordingly, since § 216(b) of the FLSA allows a "plaintiff to obtain punitive damages against an employer" who violates the antiretaliation provisions of § 215(a)(3), Plaintiff is entitled to punitive damages under 29 U.S.C. § 216(b) in an amount sufficient to deter Defendant from further retaliation against their employees who assert a complaint under the FLSA. *Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 846 (E.D. Pa. 2001), *see also Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, CIV. A. 09-261, 2009 WL 3319820 (W.D. Pa. Oct. 14, 2009).

43. Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiff, Bryant Miller, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, Airtight Home Improvements, Inc., d/b/a Chapman Windows and Doors, and grant such relief as may be appropriate, including liquidated, compensatory, and punitive damages, costs and attorneys' fees, pre-judgment and post-judgment interest, and for such other further relief, in law and in equity, both actual and special, which this Honorable Court deems just fair and appropriate.

## COUNT III

### VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW AND THE PENNSYLVANIA MINIMUM WAGE ACT

44. All prior paragraphs are incorporated herein as if set forth fully below.

45. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the PWPCL and the PMWA.

46. The PWPCL and the PMWA regulate, among other things, the payment of overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty (40) hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

47. Defendant is subject to the minimum wage and overtime pay requirements of the PWPCL and the PMWA, because it is an "Employer" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

48. Defendant violated the PWPCL and PMWA by failing to record and pay Plaintiff overtime pay.

49. 43 P.S. § 333.105 exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the exemptions apply to Plaintiff.

50. Plaintiff is entitled to special damages in the form of "liquidated damages" as set forth by statute because Defendant acted willfully and did not act in good faith in its violation of the Pennsylvania wage and hour laws.

51. Alternatively, should the Court find Defendant acted in good faith, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the PWPCL and the PMWA, compensation has been unlawfully withheld by Defendant from Plaintiff.

**WHEREFORE**, Plaintiff, Bryant Miller, demands judgment against Defendant, Airtight Home Improvements, Inc., d/b/a Chapman Windows and Doors, for compensatory damages, liquidated damages, pre-judgment and post-judgment interest as provided by law, attorney fees and costs as provided by law, and such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

August 18, 2026
Date

*s/Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*s/Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*s/Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@ weisbergcummings.com

*s/Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*